No. 95-3359

United States of America, on     *
behalf of the Department of     *
the Treasury, Internal Revenue     *
Service,     *
    *
            Appellee,     *
    * Appeal from the United States
       v.     * District Court for the
    * Eastern District of Arkansas.
Woody's R.V. Sales, Inc.;     *    [UNPUBLISHED]
Donald E. Barnett;     *
           Appellants.     *

Submitted:  March 11, 1996

Filed:  March 22, 1996

Before MAGILL, HEANEY, and MORRIS SHEPPARD ARNOLD, Circuit Judges.

PER CURIAM.

Woody's R.V. Sales, Inc. and Donald E. Barnett appeal the district court's determination that Gale Edd Williams had an ownership interest in a yacht at the time the IRS levied upon it.  Barnett and Williams purchased the yacht together in 1990.  In January 1993, as part of a property settlement agreement, Barnett took possession of the yacht and assumed responsibility for the yacht payments, including the mortgage, maintenance, and repairs.  At that time, Williams took possession of an automobile that he and Barnett had also jointly owned.  He refused, however, to sign any documents transferring title on the yacht to Barnett until April 27, 1995, when Barnett agreed to satisfy an outstanding obligation to Williams' brother-in-law.

On April 4, 1995, the IRS levied on the yacht in an effort to collect a $30,000 tax assessment owed by Williams. One day later, unaware of the IRS levy, Barnett levied on the yacht in an attempt to collect approximately $150,000 that Williams owed him. Thereafter, Barnett filed a motion for an order in aid of execution with the district court. He requested that the court declare that Williams had no ownership interest in the yacht or alternatively, that it order postponement of the IRS sale. The IRS intervened.

After an evidentiary hearing, the district court denied Barnett's motion and upheld the IRS levy. It determined that title of the yacht was not unconditionally in Barnett's name until Williams signed it over to him on August 27, 1995, after the IRS levy. In the alternative, the district court held that even if Barnett was the sole owner at the time of the lien, Williams and Barnett were joint owners as to third parties who did not know about their agreement.

The evidence before the court supported its conclusion that the parties did not intend title to pass to Barnett until he fulfilled his obligations to Williams. Because we agree that, under Arkansas law, Williams had an ownership interest in the yacht at the time of the tax lien, we need not consider the district court's alternative holding in this case.

Accordingly, we affirm.

A true copy.

        Attest:


            CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.